UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOHN COZE and SUSANNA COZE,<br><br>        Plaintiffs,<br><br>    v.<br><br>TBC CORPORATION, MIDAS REALTY CORPORATION, MIDAS INTERNATIONAL CORPORATION, LIBERTY MUTUAL FIRE INSURANCE COMPANY, MARSH USA INC; and DOES 1 to 100, inclusive,<br><br>        Defendants. | CIV. NO. 2:14-02880 WBS DAD<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO REMAND</u> |

----oo0oo----

Defendant Midas[1] leased property from plaintiffs. (Compl. ¶ 9 (Docket No. 1-1).) The lease agreement allegedly required Midas to obtain liability and property damage insurance coverage and designate plaintiffs as loss payees and/or as

---

[1] The Complaint does not specify whether "Midas" refers to the Midas Realty Corporation, the Midas International Corporation, or both.

1

1  additional insureds on the policy.  (Id. ¶ 10.)  Accordingly,
2  Midas took out a policy through defendant Liberty Mutual.  (Id. ¶
3  11.)

4     Plaintiffs allege that during an inspection of the
5  premises they discovered substantial damage.  (Id. ¶ 13.)  They
6  filed this action in Sacramento Superior Court, alleging breach
7  of contract, breach of the covenant to keep and surrender leased
8  premises in good condition, real property damage, and breach of
9  the covenant of good faith and fair dealing against Midas and
10 TBC.  They also asserted claims of breach of contract and breach
11 of the implied covenant of good faith and fair dealing against
12 Liberty Mutual and Marsh USA, which they refer to collectively as
13 "the insurer."  (Id. ¶ 4.)

14    Defendants removed the action to district court on the
15 basis of diversity jurisdiction, asserting complete diversity
16 exists because plaintiffs are citizens of California; Liberty
17 Mutual was incorporated in Wisconsin and has its principal place
18 of Business in Massachusetts; Marsh was incorporated in Delaware
19 and has its principal place of business in New York; and TBC and
20 its subsidiary Midas were incorporated in Delaware and have their
21 principal places of business in Florida.  (Notice of Removal at
22 1-2 (Docket No. 1).)  Plaintiffs later dismissed Midas and TBC
23 with prejudice.

24    Plaintiffs now move to remand the action to state
25 court, arguing that diversity is destroyed under 28 U.S.C. §
26 1332(c)(1).  Only defendant Liberty Mutual opposed the motion,
27 but the court was later advised that plaintiffs reached a
28 settlement with that defendant.  Because Marsh, USA remains in

the action, the court will proceed to consider the merits of plaintiffs' motion.

The district court exercises jurisdiction over an action where complete diversity exists and the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). A special rule applies, however, to so-called "direct actions" against insurers. Section 1332(c)(1) provides that

> a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of every State and foreign state of which the insured is a citizen; every State and foreign state by which the insurer has been incorporated; and the State or foreign state where the insurer has its principal place of business . . . .

Id. § 1332(c)(1) (emphasis added). Plaintiffs argue that this is a "direct action," and that Liberty Mutual and Marsh USA should thus assume plaintiffs' California citizenship, destroying diversity.[2]

Plaintiffs' motion rests on a misapplication of § 1332(c)(1). A "direct action" is "of such a nature that the liability sought to be imposed could be imposed against the insured." Searles v. Cincinnati Ins. Co., 998 F.2d 728, 729 (9th Cir. 1993). In a direct action, the insurer is essentially a surrogate for the defendant tortfeasor whom it insures, who has not been joined. See id. "Section 1332(c)(1) was intended to

---

[2] The parties do not dispute that the amount-in-controversy minimum is met.

eliminate diversity jurisdiction for suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant." Id. (citing Northbrook Nat'l Ins. Co. v. Brewer, 493 U.S. 6, 10 (1989)) (internal quotation marks omitted). Based on this reading of Congress's intent, the Ninth Circuit held that a 'first party' insurance action, or a suit by an insured against an insurer, is not a 'direct action.' Searles, 998 F.2d at 729.

Plaintiffs brought breach of contract and breach of the implied covenant of good faith and fair dealing claims against Liberty Mutual and Marsh USA for duties the insurer owed directly to them, including the duty to investigate "their" claim. (Compl. ¶ 33.) Plaintiffs allege that they are the "insured" under the meaning of § 1332(c)(1) as the "intended beneficiaries under the terms of the insurance contract." (Compl. ¶ 11.) Based on plaintiffs' own characterization of the Complaint, (see Pl.'s Mem. at 2 (stating plaintiffs are bringing the lawsuit against Liberty Mutual as insureds under the policy)), this is therefore a "first party" insurance action--a suit by an insured against an insurer. This is not a direct action under § 1332(c)(1) where, rather than suing a tortfeasor defendant, a plaintiff brings the claims it would have brought against the tortfeasor instead against defendant's insurer. Section 1332(c)(1) cannot apply. See Searles, 998 F.2d at 729.

IT IS THEREFORE ORDERED that plaintiffs' motion to remand be, and the same hereby is, DENIED.

4

Dated:  July 28, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE